FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAR - 9 2015

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of workplace
located at and near

Case No. 8:15 MJ 54

2500 Old Hadar Road
Norfolk, NE 68701
and
2300 Riverside Blvd.
Norfolk, NE 68701

under the control or custody of

MP GLOBAL PRODUCTS, LLC

## APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT UNDER THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Bonita Winingham, Area Director and a duly authorized compliance officer of the

Omaha Area Office, Occupational Safety and Health Administration, United States

Department of Labor, hereby applies for an administrative search warrant, pursuant to

section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C.A. §§ 651-678,

657(a) (West 2012), hereinafter referred to as the Act, for the inspection, investigation

and search of the workplace including buildings and operations located at 2300 Riverside

Blvd., Norfolk, NE and 2500 Old Hadar Road, Norfolk, NE, and described as the

workplace(s) where MP Global Products, LLC is believed to be engaged in

manufacturing floor underlayment products.

1.      The employees working at 2300 Riverside Blvd., Norfolk, NE and 2500

Old Hadar Road, Norfolk, NE are employed and/or controlled by MP Global Products,

5CAM4005RLP

LLC.

2.     The authority for issuance of the administrative search warrant is section 8(a) of the Act, 29 U.S.C.A. § 657(a), and Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816 (1978).

3.     The warrant sought hereby is based on a referral made to the Omaha Area Office of the Occupational Safety and Health Administration on March 2, 2015, by the Risk Manager for Aventure Staffing, a temporary staffing agency on behalf of its employees working at MP Global Products, LLC. The Risk Manager reported hazards that may violate the Act, and/or the occupational safety and health standards promulgated thereunder, exist at the aforedescribed workplace. The referral alleges that physical harm, a possible amputation, has occurred as a result of the complained of hazards and there is reason to believe that the hazards or related hazards still exist. The Risk Manager for the Aventure Staffing reported that one of their 8 employees placed at the MP Global Products, LLC, suffered a hospitalization and surgery for hand injuries including possibly an amputation of the middle finger on the left hand on a grinder/knife machine at approximately 1:10 p.m. on 3/1/2015. The employee was hospitalized overnight and the hand injury required surgery. Employees placed at MP Global Products, LLC by Aventure can be directed to work in either the 2500 Old Hadar Road building or the 2300 Riverside Blvd building. The buildings are approximately .3 miles from each other. The temporary staffing agency was not notified of the injury by MP Global Products, LLC. Additionally MP Global Products, LLC did not report the incident to the Omaha Area Office as required under 29 CFR 1904.39. Effective January 1, 2015 all employers are required to notify OSHA within 8 hours if an employee is killed on the job and report within 24 hours if an employee suffers a work related hospitalization, amputation or loss of an eye. See 29 CFR 1904.39. Aventure Staffing informed OSHA it had requested

2

access to the worksite to evaluate the accident site but access was refused by MP Global Products, LLC.  Inspection under these circumstances is authorized by OSHA CPL 02-00-150, Field Operations Manual (FOM) (hereinafter CPL 02-00-150), at Chapter 9, paragraph I.A.2 at p. 9-1, attached hereto as Exhibit A and incorporated herein

4.      The referral was reduced to writing, setting forth with particularity the grounds for the referral and the source.  A copy of the referral is attached hereto, made a part hereof, and marked as Exhibit B.

5.      Bonita Winingham, Area Director for Omaha Area Office, has evaluated the referral and determined that the hazard(s) described meet the criteria for an inspection found in the Field Operations Manual, paragraph I.C.3, Exhibit A, p. 9-4.  By the FOM, an inspection is allowed when the information alleges that a permanently disabling injury or illness has occurred as a result of the complained of hazard(s), and there is reason to believe that the hazard or related hazards still exist. Exhibit A, FOM, CPL 02-00-150, para. I.C.3 at p. 9-4.  Additionally, the referral identifies an establishment and an alleged hazard covered by a local or national emphasis program.  The reported amputation hazard and the employer fall under CPL 02-14-012 - Local Emphasis Program on Amputations and the CPL 03-00-003 - National Emphasis Program on Amputations. Inspection under these circumstances is authorized by the FOM, Exhibit A, CPL 02-00-150, para. I.C.5 at p. 9-4.

6.      Applicant states that she has evaluated the conditions alleged in the referral, Exhibit B as referenced in paragraph 3 above, and that on the basis of this evaluation has determined that there are reasonable grounds to believe that employees are exposed to the following hazardous conditions and potential violations of section 5(a)(2) of the Act, 29 U.S.C.A. § 657(a)(2) and standards promulgated pursuant thereto:

<div align="center">3</div>

| Referral Item | Location | Hazardous Condition | Section of the Act and/or Standard Applicable |
|---|---|---|---|
| 1 | Grinder/ knife machine | Employees are exposed to amputation hazards due to a lack of guards on the grinder/knife machine. | 29 CFR 1910.212 |
| | | Employees are exposed to amputation hazards due to unjamming machines without using lockout/tagout procedures. | 29 CFR 1910.147 |

7.     In addition to the investigation of the hazard related to the hand injury and possible amputation reported in the referral, OSHA requests the warrant authorize a comprehensive safety and health inspection of the buildings and operations located at 2300 Riverside Blvd, Norfolk NE and 2500 Old Hadar Road, Norfolk, NE. These two buildings are .3 miles apart according to Google Maps.  A comprehensive safety and health inspection of both the 2300 Riverside Blvd, Norfolk NE and 25 Old Hadar Road, Norfolk, NE  operations is necessary because this referral is the second report of hand injury and possible amputation that OSHA has received since July 2014 related to this employer.  The first amputation was reported to OSHA in an employee complaint related to the employer's facility located at 2500 Old Hadar Road, Norfolk NE.  The employee complaint for the Old Hadar Road location was investigated in Inspection #988525. During investigation #988525 OSHA received additional employee complaints that hazards were continuing.  Following Inspection #988525, OSHA issued 9 serious and 4

4

other than serious citations on January 28, 2015 for multiple hazards, including but not limited to, citations related to amputation hazards related to knife machines, combustible dust, electrical, machine guarding and fall hazards.   OSHA has not previously inspected the operations at the 2300 Riverside Blvd, Norfolk NE location.   Additionally MP Global Products, LLC is required under 29 CFR 1904.39 to report to the appropriate OSHA within 24 hours, any amputations that occur at its workplace. Aventure Staffing reported the hand injury and possible amputation that occurred on March 1, 2015. MP Global Products, LLC did not. Aventure Staffing reported to OSHA that it attempted to investigate and evaluate the hazards associated with the possible amputation sustained by its employee but was denied entry to the workplace to conduct an accident/incident review. Aventure also reported to OSHA that employees placed at MP Global could be directed to work in either building based on MP Global's needs.  Based on the repeated history of amputations, MP Global's failure to comply with required reporting of amputations,  MP Global's refusal to allow the temporary staffing agency access to evaluate the safety of its employees, and the fact that OSHA has not previously inspected the operations in the building located at 2300 Riverside Blvd, Norfolk, NE  OSHA believes that employees may be exposed to other significant hazards.

8.     A warrant in anticipation of refusal to allow the OSHA Compliance Officer to make an inspection at these workplaces is requested.  On March 9, 2015, OSHA Compliance officer Scott Jacobson served a warrant for the 2500 Old Hadar Road, Norfolk, NE location, which is the main office and mailing address for MP Global

5

Products, LLC. The company declined to grant access because the original warrant listed the Old Hadar Road, Norfolk NE address rather than 2300 Riverside Blvd, Norfolk NE address and because the scope of the warrant was for a comprehensive safety and health inspection. The company offered access to the 2300 Riverside Blvd, Norfolk, NE building on a limited basis to investigate only the amputation reported by the temporary staffing agency. The MP Global Products, LLC workplace is approximately two hours from the Omaha Area Office.

9.      It is requested that the warrant authorize inspection and investigation of the conditions set forth above and alleged in the attached referral, marked as Exhibit B, and a comprehensive safety and health inspection including a review of all relevant records, files and papers. The inspection and investigation will be conducted during regular working hours or at other reasonable times, within reasonable limits, and in a reasonable manner, including the questioning privately of any employee or agent, and the taking of photographs, videotape, environmental samples including the use of personal sampling equipment, and measurements when necessary. The compliance officer's credentials will be presented, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

10.     Any information, including videotapes, photographs and environmental samples, obtained in connection with the inspection and which is designated to be a trade secret as defined in 18 U.S.C.A. § 1905, shall be considered confidential as provided in section 15 of the Act, 29 U.S.C.A. § 664.

6

I declare under penalty of perjury that the foregoing is true and correct.

Bonita Winingham
Area Director and Compliance Officer
Occupational Safety and Health Administration
United States Department of Labor

Subscribed and sworn to before me in my presence on this
_____ day of March, 2015.

Thomas D. Thalken
United States Magistrate Judge

Deborah R. Gilg
United States Attorney

Laurie A. Kelly
Assistant U.S. Attorney
MA State Bar # 557575
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102
Telephone No.  (402) 661-3700
Email: laurie.kelly@usdoj.gov

7

OF COUNSEL:

M. Patricia Smith
Solicitor of Labor
Connecticut Bar #371708

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

H. Alice Jacks
Associate Regional Solicitor
MO Bar #24482

Rachel L. Parsons
Senior Trial Attorney
MO Bar #36906
KS Bar #13991

Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)

Attorneys for Thomas E. Perez
Secretary of Labor
United States Department of Labor

Chapter 9

# OSHA's Field Operations Manual (FOM)



# ◆OSHA INSTRUCTION

**U.S. DEPARTMENT OF LABOR**          **Occupational Safety and Health Administration**

---

| DIRECTIVE NUMBER:  CPL 02-00-150 | EFFECTIVE DATE:  April 22, 2011 |
|---|---|

**SUBJECT:** Field Operations Manual (FOM)

---

## ABSTRACT

**Purpose:**   This instruction cancels and replaces OSHA Instruction CPL 02-00-148, Field Operations Manual (FOM), issued November 9, 2009, which replaced the September 26, 1994 Instruction that implemented the Field Inspection Reference Manual (FIRM). The FOM is a revision of OSHA's enforcement policies and procedures manual that provides the field offices a reference document for identifying the responsibilities associated with the majority of their inspection duties. This Instruction also cancels OSHA Instruction FAP 01-00-003 Federal Agency Safety and Health Programs, May 17, 1996 and Chapter 13 of OSHA Instruction CPL 02-00-045, Revised Field Operations Manual, June 15, 1989.

**Scope:**   OSHA-wide.

**References:**   Title 29 Code of Federal Regulations §1903.6, Advance Notice of Inspections; 29 Code of Federal Regulations §1903.14, Policy Regarding Employee Rescue Activities; 29 Code of Federal Regulations §1903.19, Abatement Verification; 29 Code of Federal Regulations §1904.39, Reporting Fatalities and Multiple Hospitalizations to OSHA; and Housing for Agricultural Workers: Final Rule, Federal Register, March 4, 1980 (45 FR 14180).

**Cancellations:**   OSHA Instruction CPL 02-00-148, Field Operations Manual, November 9, 2009.
OSHA Instruction FAP 01-00-003, Federal Agency Safety and Health Programs, May 17, 1996.
Chapter 13 of OSHA Instruction CPL 02-00-045, Revised Field Operations Manual, June 15, 1989.

**State Impact:**   Notice of Intent and Adoption required.  See paragraph VI.

**Action Offices:**   National, Regional, and Area Offices

**Originating Office:**   Directorate of Enforcement Programs

**Contact:**                   Directorate of Enforcement Programs
                                    Office of General Industry Enforcement
                                    200 Constitution Avenue, NW, N3119
                                    Washington, DC  20210
                                    202-693-1850

By and Under the Authority of

David Michaels, PhD, MPH
Assistant Secretary

Abstract-2

## Executive Summary

This instruction cancels and replaces OSHA Instruction CPL 02-00-148, Field Operations Manual (FOM), issued November 9, 2009. The one remaining part of the prior Field Operations Manual, the chapter on Disclosure, will be added at a later date. This Instruction also cancels OSHA Instruction FAP 01-00-003 Federal Agency Safety and Health Programs, May 17, 1996 and Chapter 13 of OSHA Instruction CPL 02-00-045, Revised Field Operations Manual, June 15, 1989. This Instruction constitutes OSHA's general enforcement policies and procedures manual for use by the field offices in conducting inspections, issuing citations and proposing penalties.

## Significant Changes

- A new Table of Contents for the entire FOM is added.

- A new References section for the entire FOM is added

- A new Cancellations section for the entire FOM is added.

- Adds a Maritime Industry Sector to Section III of Chapter 10, *Industry Sectors*.

- Revises sections referring to the Enhanced Enforcement Program (EEP) replacing the information with the Severe Violator Enforcement Program (SVEP).

- Adds Chapter 13, *Federal Agency Field Activities*.

- Cancels OSHA Instruction FAP 01-00-003, Federal Agency Safety and Health Programs, May 17, 1996.

# Disclaimer

This manual is intended to provide instruction regarding some of the internal operations of the Occupational Safety and Health Administration (OSHA), and is solely for the benefit of the Government. No duties, rights, or benefits, substantive or procedural, are created or implied by this manual. The contents of this manual are not enforceable by any person or entity against the Department of Labor or the United States. Statements which reflect current Occupational Safety and Health Review Commission or court precedents do not necessarily indicate acquiescence with those precedents.

F.   FOLLOW-UP INSPECTION REPORTS.................................................................. 7-25

## XIII. MONITORING INSPECTIONS. ................................................................ 7-26

A.   GENERAL............................................................................................................ 7-26
B.   CONDUCT OF MONITORING INSPECTION (PMAS AND LONG-TERM ABATEMENT)................. 7-27
C.   ABATEMENT DATES IN EXCESS OF ONE YEAR. ................................................. 7-27
D.   MONITORING ABATEMENT EFFORTS. .................................................................. 7-28
E.   MONITORING CORPORATE-WIDE SETTLEMENT AGREEMENTS. ................................. 7-29

## XIV. NOTIFICATION OF FAILURE TO ABATEMENT. ................................ 7-29

A.   VIOLATION. ........................................................................................................ 7-29
B.   PENALTIES.......................................................................................................... 7-29
C.   CALCULATION OF ADDITIONAL PENALTIES. ........................................................ 7-30

## XV. CASE FILE MANAGEMENT. ............................................................... 7-30

A.   CLOSING OF CASE FILE WITHOUT ABATEMENT CERTIFICATION. ............................ 7-30
B.   REVIEW OF EMPLOYER-SUBMITTED ABATEMENT. ................................................ 7-30
C.   WHETHER TO KEEP ABATEMENT DOCUMENTATION. .............................................. 7-30

## XVI. ABATEMENT SERVICES AVAILABLE TO EMPLOYERS. ...................... 7-30


# CHAPTER 8
# SETTLEMENTS

## I.    SETTLEMENT OF CASES BY AREA DIRECTORS. ................................... 8-1

A.   GENERAL............................................................................................................ 8-1
B.   PRE-CONTEST SETTLEMENT (INFORMAL SETTLEMENT AGREEMENT). ........................ 8-1
C.   PROCEDURES FOR PREPARING THE INFORMAL SETTLEMENT AGREEMENT. ................ 8-3
D.   POST-CONTEST SETTLEMENT (FORMAL SETTLEMENT AGREEMENT). ........................ 8-3
E.   CORPORATE-WIDE SETTLEMENT AGREEMENT........................................................ 8-4


# CHAPTER 9
# COMPLAINT AND REFERRAL PROCESSING

## I.    SAFETY AND HEALTH COMPLAINTS AND REFERRALS. ...................... 9-1

A.   DEFINITIONS........................................................................................................ 9-1
B.   CLASSIFYING AS A COMPLAINT OR A REFERRAL. ................................................ 9-3
C.   CRITERIA WARRANTING AN INSPECTION.............................................................. 9-3
D.   SCHEDULING AN INSPECTION OF AN EMPLOYER IN AN EXEMPT INDUSTRY. ............... 9-5
E.   ELECTRONIC COMPLAINTS RECEIVED VIA THE OSHA PUBLIC WEBSITE. .................. 9-5
F.   INFORMATION RECEIVED BY TELEPHONE. ............................................................ 9-7
G.   PROCEDURES FOR HANDLING COMPLAINTS FILED IN MULTIPLE AREA OFFICES OR REGIONS. .. 9-8
H.   PROCEDURES FOR AN INSPECTION. ...................................................................... 9-9
I.    PROCEDURES FOR AN INQUIRY. ........................................................................ 9-10
J.    COMPLAINANT PROTECTION. ............................................................................ 9-12
K.   RECORDING IN IMIS........................................................................................... 9-13

## II.   WHISTLEBLOWER COMPLAINTS. ....................................................... 9-13

## III.  DECISION TREES................................................................................. 9-14

## COMPLAINT QUESTIONNAIRE.................................................................. 9-17

# Chapter 9

# COMPLAINT AND REFERRAL PROCESSING

I.   **Safety and Health Complaints and Referrals.**

  A.   **Definitions.**

    1.   **Complaint.**

Notice of an alleged safety or health hazard (over which OSHA has jurisdiction), or a violation of the Act. There are two types; formal and non-formal.

      a.   **Formal Complaint.**

Complaint made by a current employee or a representative of employees that meets all of the following requirements:

• Asserts that an imminent danger, a violation of the Act, or a violation of an OSHA standard exposes employees to a potential physical or health harm in the workplace;

• Is reduced to writing or submitted on an OSHA-7 form; and

• Is signed by at least one current employee or employee representative.

      b.   **Non-formal Complaint.**

Any complaint alleging safety or health violations that does not meet all of the requirements of a formal complaint identified above and does not come from one of the sources identified under the definition of Referral, below.

    2.   **Inspection.**

An onsite examination of an employer's worksite conducted by an OSHA compliance officer, initiated as the result of a complaint or referral, and meeting at least one of the criteria identified in Section C, *Criteria Warranting an Inspection*, below.

3.      **Inquiry.**

A process conducted in response to a complaint or a referral that does <u>not</u> meet one of the identified inspection criteria as listed in Section C. It does not involve an onsite inspection of the workplace, but rather the employer is notified of the alleged hazard(s) or violation(s) by telephone, fax, email, or by letter if necessary. The employer is then requested to provide a response, and OSHA will notify the complainant of that response via appropriate means.

4.      **Electronic Complaint.**

A complaint submitted via OSHA's public website. All complaints submitted via OSHA's public website are considered non-formal.

5.      **Permanently Disabling Injury or Illness.**

An injury or illness that has resulted in permanent disability or an illness that is chronic or irreversible. Permanently disabling injuries or illnesses include, but are not limited to amputation, blindness, a standard threshold shift in hearing, lead or mercury poisoning, paralysis or third-degree burns.

6.      **Referral.**

An allegation of a potential workplace hazard or violation received from one of the sources listed below.

a.  **CSHO referral** – information based on the direct observation of a CSHO. (On the OSHA-90, code 14A – *A. CSHO (Within Office)*.)

b.  **Safety and health agency referral** – from sources including, but not limited to: NIOSH, state programs, consultation, and state or local health departments, as well as safety and/or health professionals in other Federal agencies. (As appropriate, code 14A – *B. Federal OSHA; C. State OSH; F. Consultation; G. State/Local Government; or I. Other.*)

c.  **11(c) complaint referral** – made by a whistleblower investigator when an employee alleges that he or she was retaliated against for complaining about safety or health conditions in the workplace, refusing to do an allegedly imminently dangerous task, or engaging in other activities related to occupational safety or health (Code 14A – *D. Discrimination.*)

   d. **Other government agency referral** – made by other Federal, State, or local government agencies or their employees, including local police and fire departments. (As appropriate, code 14A – *E. Other Federal Agency, or G. State/Local Government.*)

   e. **Media report** – either news items reported in the media or information reported directly to OSHA by a media source. (Code 14A – *H. Media.*)

   f. **Employer report** - of accidents other than fatalities and catastrophes. (Code 14A – *I. Other.*)

7.    **Representative of Employees**.

      Any of the following:

   a. An authorized representative of the employee bargaining unit, such as a certified or recognized labor organization.

   b. An attorney acting for an employee.

   c. Any other person acting in a bona fide representative capacity, including, but not limited to, members of the clergy, social workers, spouses and other family members, and government officials or nonprofit groups and organizations acting upon specific complaints and injuries from individuals who are employees.

      *NOTE: The representative capacity of the person filing complaints on behalf of another should be ascertained unless it is already clear. In general, the affected employee should have requested, or at least approved, the filing of the complaint on his or her behalf.*

B.    **Classifying as a Complaint or a Referral.**

      Whether the information received is classified as a complaint or a referral, an inspection of a workplace is normally warranted if **at least one** of the conditions in the section *Criteria Warranting an Inspection* is met.

C.    **Criteria Warranting an Inspection.**

      An inspection is normally warranted if **at least one** of the conditions below is met (but see also Paragraph I.D. of this chapter, *Scheduling an Inspection of an Employer in an Exempt Industry*):

1.  A valid formal complaint is submitted. Specifically, the complaint must be reduced to writing or submitted on an OSHA-7 form, be signed by a current employee or representative of employees, and state the reason for the inspection request with reasonable particularity. Additionally, there must be reasonable grounds to believe either that a violation of the Act or OSHA standard that exposes employees to physical harm exists, or that an imminent danger of death or serious injury exists, as provided in Section 8(f)(1) of the Act.

2.  The information received in a signed, written complaint from a current employee or employee representative that alleges a record-keeping deficiency that indicates the existence of a potentially serious safety or health violation.

3.  The information alleges that a permanently disabling injury or illness has occurred as a result of the complained of hazard(s), and there is reason to believe that the hazard or related hazards still exist.

4.  The information alleges that an imminent danger situation exists.

5.  The information concerns an establishment and an alleged hazard covered by a local, regional, or national emphasis program, the Site-Specific Targeting Plan.

6.  The employer fails to provide an adequate response to an inquiry, or the individual who provided the original information provides further evidence that the employer's response is false or does not adequately address the hazard(s). The evidence must be descriptive of current, on-going or recurring hazardous conditions.

7.  The establishment that is the subject of the information has a history of egregious, willful, failure-to-abate, or repeated citations within the Area Office's jurisdiction during the past three years, or is an establishment or related establishment in the Enhanced Enforcement Program. However, if the employer has previously submitted adequate documentation for these violations demonstrating that they were corrected and that programs have been implemented to prevent a recurrence of hazards, the Area Director will normally determine that an inspection is not necessary.

8.  A whistleblower investigator or Regional Supervisory Investigator requests that an inspection be conducted in response to an employee's allegation that the employee was discriminated against for complaining about safety or health conditions in the workplace,

refusing to perform an allegedly dangerous job or task, or engaging in other activities related to occupational safety or health.

9. If an inspection is scheduled or has begun at an establishment and a complaint or referral that would normally be handled via inquiry is received, that complaint or referral may, at the Area Director's discretion, be incorporated into the scheduled or ongoing inspection. If such a complaint is formal, the complainant must receive a written response addressing the complaint items.

10. If the information gives reasonable grounds to believe that an employee under 18 years of age is exposed to a serious violation of a safety or health standard or a serious hazard, an onsite inspection will be initiated if the information relates to construction, manufacturing, agriculture, or other industries as determined by the Area Director.  Limitations placed on OSHA's activities in agriculture by Appropriations Act provisions will be observed. See CPL 02-00-051, *Enforcement Exemptions and Limitations under the Appropriations Act*, dated May 28, 1998.  A referral to Wage and Hour should also be initiated.

   *NOTE: The information does not need to allege that a child labor law has been violated.*

**D.   Scheduling an Inspection of an Employer in an Exempt Industry.**

In order to schedule an inspection of an employer in an exempt industry classification as specified by Appropriations Act provisions:

*NOTE:  See CPL 02-00-051,* Enforcement Exemptions and Limitations under the Appropriations Act, *dated May 28, 1998.*

1. The information must come directly from a current employee; OR

2. It must be determined and documented in the case file that the information came from a representative of the employee (see Paragraph I.A.9. of this chapter, *Representative of Employees*), with the employee's knowledge of the representative's intended action.

**E.   Electronic Complaints Received via the OSHA Public Website.**

1. Electronic complaints submitted via the OSHA public website are automatically forwarded via email to a designated Area Office in the appropriate state.  That Office then forwards the electronic complaints to the appropriate Area Office in the state.

2. Each Area Office manages a "Complaints" mailbox and processes electronic complaints according to internal complaint processing procedures. The complaints mailbox is monitored daily and every incoming complaint is reviewed for jurisdiction.

    a. If the complaint falls within the jurisdiction of the Area Office, the complaint is entered into IMIS and processed as usual.

    b. If the complaint falls within the jurisdiction of another Area Office, the complaint is forwarded appropriately.

3. Area Offices will coordinate with State Plan States to establish procedures to process electronic complaints. The State establishes its own internal procedures for responding to such complaints. These procedures may be the State's usual procedures for handling unsigned complaints or they may include some further coordination with the complainant prior to action. In State Plan states, the Federal Monitoring office will screen the complaints unless there is another arrangement. If the complaint falls within the individual State Plan's jurisdiction, the Screening Office will follow the procedures developed with the State Plan for processing the complaint.

4. Complete an OSHA-7 form for all complaint information received. In order to facilitate the tracking of electronic complaints, enter the following code in the Optional Information field:

<div align="center">

**N-11-LOGXXXXXX**

</div>

- Where N-11 indicates that the complaint was filed electronically; and

- The digits following LOG are the unique complaint ID/log numbers assigned to the electronic complaint when processed by the Salt Lake Technical Center. The log number may vary and does not have to be exactly six digits. In entering the code, there is no space between the word LOG and the digits that follow.

5. Information received electronically from a current employee is considered a non-formal complaint until that individual provides a signed copy of the information. The employee can send or fax a signed copy of the information, request that an OSHA-7 form be sent, or sign the information in person at the Area Office. Normally a complainant has five working days to formalize an electronic complaint. The Area Office must actively follow up on

information received electronically in order to provide the employee with the opportunity to formalize the complaint.

6. All complaint-related material received electronically should be printed and date stamped with the date the material was submitted and received. When these dates are not the same, the Area Director will determine the appropriate date for the incoming material.

**F.  Information Received by Telephone.**

1. While speaking with the caller, OSHA personnel will attempt to obtain the following information:

   a. Whether the caller is a current employee or an employee representative.

   b. The exact nature of the alleged hazard(s) and the basis of the caller's knowledge. The individual receiving the information must determine, to the extent possible, whether the information received describes an apparent violation of OSHA standards or the OSH Act.

   c. The employer's name, address, email address, telephone and fax numbers, as well as the name of a contact person at the worksite.

   d. The name, address, telephone number, and email address of any union and/or employee representative at the worksite.

2. As appropriate, OSHA will provide the caller with the following information:

   a. Describe the complaint process, and if appropriate, the concepts of "inquiry" and "inspection," as well as the relative advantages of each.

   b. If the caller is a current employee or a representative of employees, explain the distinction between a formal complaint and a non-formal complaint, and the rights and protections that accompany filing a formal complaint. These rights and protections include:

   - The right to request an onsite inspection.

- Notification in writing if an inspection is deemed unnecessary because there are no reasonable grounds to believe that a violation or danger exists.

- The right to obtain review of a decision not to inspect by submitting a request for review in writing.

3. Information received by telephone from a current employee is considered a non-formal complaint until that individual provides a signed copy of the information. The employee can send or fax a signed copy of the information, request that an OSHA-7 form be sent, or sign the information in person at the Area Office. Normally a complainant has five working days to formalize an electronic complaint.

4. If appropriate, inform the complainant of rights to confidentiality in accordance with Section 8(f)(1) of the Act for private sector employees, and Executive Order 12196 ,dated February 26, 1980, for Federal employees, and ask whether the complainant wishes to exercise this right. When confidentiality is requested, the identity of the complainant is protected regardless of the formality of the complaint.

5. Explain Section 11(c) rights to private sector employees and employees of the U.S. Postal Service, or reprisal and discrimination protection provided by Executive Order 12196, §1960.46 and the Whistleblowers Protection Act of 1989 to Federal employees. See Chapter 13, Paragraph III.E., for reports of reprisal or discrimination from Federal employees.

**G. Procedures for Handling Complaints Filed in Multiple Area Offices or Regions.**

1. When a Regional Office determines that multiple offices within the Region have received the same complaint or, if the Regional Office suspects the same complaint has been filed in multiple Regions, the Regional Office should contact the Director or Deputy Director of the Directorate of Enforcement Programs (DEP).

2. DEP will query all 10 Regions and coordinate with the Directorate of Cooperative and State Programs to query the State Plan States in order to determine whether similar complaints were filed in multiple offices.

   a. If multiple Regions have received the same complaint, the National Office will address the complaint with the employer.

b. Area Offices should indicate in IMIS that these complaints have been transferred to the National Office. On the OSHA-7, in field 45a., select *A. Federal OSHA*; in field 45b., select *00 – National Office*. The complaint should then be closed using field 48.

## H.    Procedures for an Inspection.

1. Upon receipt of a complaint or referral, the Area Director (or his or her designee) will evaluate all available information to determine whether there are reasonable grounds to believe that a violation or hazard exists.

   a. If necessary, reasonable attempts will be made to contact the individual who provided the information in order to obtain additional details or to clarify issues raised in the complaint or referral. See the <u>Complaint Questionnaire</u> beginning on page 9-17.

   b. The Area Director may determine not to inspect a facility if he/she has a substantial reason to believe that the condition complained of is being or has been abated.

2. Despite the existence of a complaint, if the Area Director, believes there is no reasonable grounds that a violation or hazard exists, no inspection or inquiry will be conducted.

   a. Where a formal complaint has been submitted, the complainant will be notified in writing of OSHA's intent not to conduct an inspection, the reasoning behind the determination, and the right to have the determination reviewed under <u>§1903.12</u>. The justification for not inspecting will be noted in the case file.

   b. In the event of a non-formal complaint or referral, if possible, the individual providing the information will be notified by appropriate means of OSHA's intent not to conduct an inquiry or inspection. The justification for not inspecting or conducting an inquiry will be noted in the case file.

3. If the information contained in the complaint or referral meets at least one of the inspection criteria listed in <u>Paragraph I.C.</u> of this chapter, *Criteria Warranting an Inspection*, and there are reasonable grounds to believe that a violation or hazard exists, the Area Office is authorized to conduct an inspection.

    a. If appropriate, the Area Office will inform the individual providing the information that an inspection will be scheduled and that he or she will be advised of the results.

    b. After the inspection, the Area Office will send the individual a letter addressing each information item, with reference to the citation(s) or a sufficiently detailed explanation for why a citation was not issued.

4. If an inspection is warranted, it will be initiated as soon as resources permit. Inspections resulting from formal complaints of serious hazards will normally be initiated within five working days of formalizing.

**I.    Procedures for an Inquiry.**

1. If the complaint or referral does not meet the criteria for initiating an onsite inspection, an inquiry will be conducted. OSHA will promptly contact the employer to notify it of the complaint or referral and its allegation(s), and fax or email a confirming letter.

2. If a non-formal complaint is submitted by a current employee or a representative of employees that does not meet any of the inspection criteria, the complainant may be given five working days to make the complaint formal.

    a. The complainant may come into the Area Office and sign the complaint, or mail or fax a signed complaint letter to OSHA. Additionally, an OSHA-7 form can be mailed or faxed to the complainant, if appropriate.

    b. If the complaint is not made formal after five working days, after making a reasonable attempt to inform the complainant of the decision, OSHA will proceed with the inquiry process.

3. The employer will be advised of what information is needed to answer the inquiry and encouraged to respond by fax or email. See Chapter 13, *Federal Agency Field Activities*, for differing Federal Agency procedures. Employers are encouraged to do the following:

    a. Immediately investigate and determine whether the complaint or referral information is valid and make any necessary corrections or modifications.

b.  Advise the Area Director either in writing or via email within five working days of the results of the investigation into the alleged complaint or referral information. At the discretion of the Area Director, the response time may be longer or shorter than five working days, depending on the circumstances. Additionally, although the employer is requested to respond within the above time frame, the employer may not be able to complete abatement action during that time, but is encouraged to do so.

c.  Provide the Area Director with supporting documentation of the findings, including any applicable measurements or monitoring results, and photographs and/or videos that the employer believes would be helpful, as well as a description of any corrective action the employer has taken or is in the process of taking.

d.  Post a copy of the letter from OSHA where it is readily accessible for review by all employees.

e.  Return a copy of the signed Certificate of Posting to the Area Office.

f.  If there is a recognized employee union or safety and health committee in the facility, provide it with a copy of OSHA's letter and the employer's response.

4.  As soon as possible after contacting the employer, a notification letter will be faxed to the employer, or mailed where no fax is available. Sample letters to complainants and employers are provided on the NCR. Note that some of these letters are for private sector use and some are for Federal Agency use. If email is an acceptable means of responding, this should be indicated in the notification letter and the proper email address should be provided.

5.  If no employer response or an inadequate employer response is received after the allotted five working days, additional contact with the employer may be made before an inspection is scheduled. If the employer provides no response or an inadequate response, or if OSHA determines from other information that the condition has not been or is not being corrected, an inspection will be scheduled.

6.  The complainant will be advised of the employer's response, as well as the complainant's rights to dispute that response, and if the alleged hazard persists, of the right to request an inspection. When OSHA receives an adequate response from the employer and the

complainant does not dispute or object to the response, an onsite inspection normally will not be conducted.

7.   If the complainant is a current employee or a representative of employees and wishes to dispute the employer's response, the disagreement must be submitted in writing and signed, thereby making the complaint formal.

   a.   If the employee disagreement takes the form of a written and signed formal complaint, see Paragraph I.H. of this chapter, *Procedures for an Inspection*.

   b.   If the employee disagreement does not take the form of a written and signed formal complaint, some discretion is allowed in situations where the information does not justify an onsite inspection. In such situations, the complainant will be notified of OSHA's intent not to conduct an inspection and the reasoning behind the determination. This decision should be thoroughly documented in the case file.

8.   If a signed complaint is received after the complaint inquiry process has begun, the Area Director will determine whether the alleged hazard is likely to exist based on the employer's response and by contacting the complainant. The complainant will be informed that the inquiry has begun and that the complainant retains the right to request an onsite inspection if he/she disputes the results and believes the hazard still exists.

9.   The complaint must not be closed until OSHA verifies that the hazard ahs been abated.

10.  The justification for not conducting an inquiry will be noted in the case file.

J.   **Complainant Protection.**

1.   **Identity of the Complainant.**

   Upon request of the complainant, his or her identity will be withheld from the employer in accordance with Section 8(f)(1) of the Act. No information will be given to the employer that would allow the employer to identify the complainant.

2.   **Whistleblower Protection.**

   a.   Section 11(c) of the Act provides protection for employees who believe that they have been the subject of an adverse

employment action in retaliation for engaging in activities related to workplace safety or health. Any employee who believes that he or she has been discharged or otherwise retaliated against by any person as a result of engaging in such activities may file a whistleblower complaint. The complaint must be filed within thirty days of the discharge or other retaliation.

b. Complainants should always be advised of their <u>Section 11(c)</u> rights and protections upon initial contact with OSHA and whenever appropriate in subsequent communications.

**K.  Recording in IMIS.**

Information about complaint inspections or inquiries must be recorded in IMIS following current instructions given in the IMIS manual. See OSHA Instruction IRT 01-00-007, *The IMIS Enforcement Data Processing Manual for Use with the NCR Computer System* (Table of Contents and Chapters 1 through 7), dated September 20, 1993.

**II.  Whistleblower Complaints.**

**A.**  OSHA enforces the whistleblower or anti-retaliation provisions of the OSH Act and sixteen other federal statutes. A desk reference summarizing these statutes can be found in the Whistleblower Investigations Manual on OSHA's Web site. These statutes generally provide that employers may not discharge or otherwise retaliate against an employee because the employee has reported an alleged violation related to the statute to an employer or a government agency, or otherwise exercised any rights provided to employees by the various statutes.

**B.**  When a retaliation complaint is made under any of the sixteen federal whistleblower statutes enforced by OSHA other than the OSH Act, the complainant should be referred promptly to the Regional Supervisory Investigator or Team Leader because the requirements for filing complaints under those statutes vary from those of the OSH Act. They should also be advised that there are statutory deadlines for filing these complaints.

**C.**  In the context of an OSHA enforcement action or a consultation activity, the complainant will be advised of the protection against retaliation afforded by <u>Section 11(c)</u> of the Act. A Section 11(c) complaint may be in any form, including an oral complaint made to a CSHO. Thus, if a person alleges that he has suffered an adverse action because of activity protected under Section 11(c), CSHOs will record that person's identifying information and the date and time of this initial contact on an

OSHA-87 form and forward it to the Regional Supervisory Investigator or Team Leader for processing.

D.    In State Plan States, employees may file occupational safety and health retaliation complaints with Federal OSHA, the State, or both.  Federal OSHA normally refers such complaints to the State Plan States for investigation.  OSHA's Whistleblower Manual outlines the Agency's referral/deferral policies for such complaints.

## III.    Decision Trees.

A.    See tree on page 9-15 for OSHA enforcement action or consultation activity when information is obtained in writing.

B.    See tree on page 9-16 for OSHA enforcement action or consultation activity when information is obtained orally.



Incoming Information
WRITTEN (including e-complaints)
Submitted by a current employee or representative of employees?
YES
NO
Submitted by a source listed in I.A.8.?
YES
Referral
NO
Signed?
NO
Non-formal complaint
YES
Formal complaint
Are there reasonable grounds to believe that a violation or danger exists?
Notify complainant by appropriate means and provide him or her with the opportunity to supply more specific information
NO
YES
NO
Notify complainant as specified in I.F. that no inspection or inquiry will be conducted
More information provided?
YES
Conduct an Inspection
YES
Is at least one of the criteria in I.C. met?
NO
Conduct an inquiry
Did the employer respond to the phone/fax with adequate information within 5 days?
Results to complainant (if applicable)
NO
If referral → CLOSE REFERRAL
YES
YES
If complaint → Does the complainant dispute the employer's response and provide information as per I.G.?
NO
Hazard abated/eliminated – CLOSE COMPLAINT



Incoming Information
TELEPHONE
Is the caller a current employee or a representative of employees?
YES
NO
Explain distinction between a formal and non-formal complaint and the protections that accompany a formal complaint
Describe the complaint/referral process and the difference between an inquiry and an inspection
Conduct an Inspection
YES
Is at least one of the inspection criteria in I.C. met?
NO
Conduct an Inquiry
Results to complainant (if applicable)
NO
Did the employer respond to the phone/fax with adequate information within 5 days?
YES
YES
Does the complainant dispute the employer's response and provide information as per I.5.?
Hazard abated/eliminated – case closed
NO

## Complaint Questionnaire

Obtain information from the caller by asking the following questions, where relevant.

### For All Complaints:

1. What is the specific safety or health hazard?

2. Has the hazardous condition been brought to the employer's attention? If so, when? How?

3. How are employees exposed to this hazard? Describe the unsafe or unhealthful working conditions; identify the location.

4. What work is done in the unsafe/unhealthful area? Identify, as well as possible, the type and condition of equipment in use, the materials (e.g., chemicals) being used, the process/operation involved, and the kinds of work being done near the hazardous area. Have there been any recent chemical spills, releases, or accidents?

5. With what frequency are employees doing the task that leads to the exposure? Continuously? Every day? Every week? Rarely? For how long at one time? How long has the condition existed (so far as can be determined)? Has it been brought to the employer's attention? Have any attempts been made to correct the condition, and, if so, who took these actions? What were the results?

6. How many shifts are there? What time do they start? On which shift does the hazardous condition exist?

_____

_____

_____

7. What personal protective equipment (e.g., hearing protection, gloves or respirators) is required by the employer relevant to the alleged exposure? Is it used by employees? Include all PPE and describe it as specifically as possible. Include the manufacturer's name and any identifying numbers.

_____

_____

_____

8. How many people work in the establishment? How many are exposed to the hazardous conditions? How near do they get to the hazard?

_____

_____

_____

9. Is there an employee representative or a union in the establishment? Include the name, address, and telephone number of the union and/or the employee representative(s).

_____

_____

_____

### For Health Hazards

10. Has the employer administered any tests to determine employee exposure levels to the hazardous conditions or substance? Describe these tests. Can the employees get the results (as required by the standard)? What were the results?

_____

_____

_____

11. What engineering controls are in place in the area(s) in which the exposed employees work? For instance, are there any fans or acoustical insulation in the area which may reduce exposure to the hazard?

_____

_____

_____

12. What administrative or work practice controls has the employer put in place?

_____

_____

_____

13. Do any employees have any symptoms that may have been caused by exposure to hazardous substances? Have any employees ever been treated by a physician for a work-related disease or condition? What was it?

_____

_____

_____

14. Have there been any "near-miss" incidents?

_____

_____

_____

15. Are respirators worn to protect against health hazards? If so, what kind? What exposures are they protecting against?

_____

_____

_____

16. If the complaint is related to noise, what, if any, hearing protection is provided to and worn by the employees?

_____

_____

_____

17. Do employees receive audiograms on a regular basis?

_____

_____

_____

**For Safety Hazards:**

18. Under what adverse or hazardous conditions are employees required to work?  This should include conditions contributing to stress and "other" probability factors.

_____

_____

_____

19. Have any employees been injured as a result of this hazardous condition?  Have there been any "near-miss" incidents?

_____

_____

_____

**OIS**                          FINAL

Activity Number: 356109     Establishment DBA: MP Global Products     RID: 0749000
                            Name:         LLC

**Establishment Information**

  **Establishment Information**

    Establishment: MP Global Products, LLC     Establishment DBA:
    Name:

    Ownership: Private Sector                  Establishment ID: 1019031568

    Type of Business: Corporation              Primary NAICS: 313113  Thread Mills

  **Business Address**

  Street Address 1: 2500 Old Hadar Rd           County: MADISON
  Street Address 2:                             Zip Code: 68701
    Country: UNITED STATES OF AMERICA        E-mail Address:
      State: NEBRASKA                      Phone Number: 402-379-9695
      City: NORFOLK                        Fax: 402-379-9737

  **Mailing Address**

  Street Address 1: PO Box 2093
  Street Address 2:                             City: NORFOLK
    Country: UNITED STATES OF AMERICA        County: MADISON
      State: NEBRASKA                      Zip Code: 68702

  **Site Address**

  Street Address 1: 2500 Old Hadar Rd           Phone Number: 402-379-9695
  Street Address 2:                             Phone Number Extn:
    City: NORFOLK                            Fax: 402-379-9737
    State: NEBRASKA                          Number of
    County: MADISON                          Employees:
    Zip Code: 68701

  **Management, Business Type**

  Management Official First: Chad             Last Name: Collison
    Name:
    Type of Business: Fabric mats            Primary NAICS: 313113 - Thread Mills
    Official Phone:                          Type of Site
    Official Phone Extension:                 Activity:

**Receipt Information**

  **Receipt Information**

  Received By:                    General Event           Activity Referral
    Receipt: 03/02/2015         Type:                    Type:
    Date:                       Receipt 10:00 AM         Formality:
                                Time:

**Complaint / Referral - Subject / Severity**

  Discrimination: No

  **Safety**

    Imminent: No        Serious: Yes      Other: No
    Danger:

  **Health**

    Imminent: No        Serious: No       Other: No
    Danger:

**Exhibit B**

UnProgrammed Activity

Hazard Description And Temp agency risk manager reported that 1 of their 8 employees
Location: suffered a left hand middle finger amputation on a grinder/knife
machine at MP Gobal, 2500 Ole Hader Rd., Norfolk, NE on 3/2/2015 at
approximately 1:10 pm. Employee was hospitalized overnight. Temp agency risk manager stated that
they were not told about the incident by the host employer until 3/2/2015 at 8:15 am. MP Global did
not report the incident to the Omaha Area Office.

No. of Alleged Hazards:                              No. Employees Exposed
                                                     (Removed from Alleged Hazard):

**Source Information**

**Source : 1**

| | |
|---|---|
| Source Type: Other (specify) | Phone Number: 7122582453 |
| Prefix: | Phone Number Extn: |
| First Name: Cyd | Fax Number: |
| Last Name: Fleckenstein | Reveal Source Name: No |
| Suffix: | Organization Name: Aventure Staffing, LLC |
| Job Title: Aventure Staffing Risk Manager | Organization Title: Risk Manager |
| E-mail Address: cfleckenstein@aventure.com | Bought To Attention of: |
| CSHO ID: | Name Of The Govt. Agency: |
| CSHO First Name: | Street Address 1: 109 Douglas St |
| CSHO Last Name: | Street Address 2: |
| CSHO Job Title: | City: SIOUX CITY |
| Date Separated: | State: IOWA |
| Relationship: | Country: UNITED STATES OF AMERICA |
| Other: Temp Staffing Agency | Zip Code: 51101 |

**Assign/Transfer Information**

**Assignment**

Assigned CSHO's Login Name                          Assigned Supervisor's Login Name


**Additional Fat Cat Information**

**Classification**

| | |
|---|---|
| Classification: | Employer Report Date: |
| No. Hospitalized: | Employer Report Time: |
| No. Unaccounted For: | Event Date: |
| No. Fatalities: | Event Time: |
| No. Non-Hospitalized: | Incident Type: |

**Do Inspection**

| | |
|---|---|
| Do Inspection? No | Explanation: |
| Reason for No Inspection: | |

**Complaint / Referral Information**

Code No:
Complaint/Referral?

**Complaint / Referral Action Source : 1**

Action Date: 03/03/2015
Action Type: Contact with Source
Type of Letter: Notification-Inspection Request
Communication Phone Discussion
Method:
Days to Respond: 5
Date Response Due: 03/05/2015

UnProgrammed Activity

**Complaint/Referral Action Source : 2**

Action Date: 03/03/2015

Action Type: Do Inspection = Y

Reason for Inspection: AD Discretion

Inspection priority: High

**Complaint/Referral Action Source : 3**

Action Date: 03/03/2015

Action Type: Contact with Source

Type of Contact: Other

Communication Phone Discussion
Method:

Days to Respond: 5

Date Response Due: 03/10/2015

**Complaint/Referral Action Source : 4**

Action Date: 03/03/2015

Action Type: Valid = Y

**Program Information**

**National Emphasis Programs**

**Local Emphasis Programs**

**Federal Strategic Initiatives :**

Migrant Farm Worker  No
Camp:

Additional Codes:   Type Id        Value          Description

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

Inspection of the workplace(s)
located at and near                    Case No.  8:15 MJ 54

2500 Old Hadar Road
Norfolk, NE 68701

and

2300 Riverside Blvd.
Norfolk, NE 68701

under the control or custody of

MP GLOBAL PRODUCTS, LLC

## ADMINISTRATIVE SEARCH WARRANT

TO:   Bonita Winingham
      Area Director
      Occupational Safety and Health
       Administration
      Omaha Area Office

Application having been made, and reasonable cause having been shown for the

inspection of the work place(s) described as MP Global Products, LLC  in  buildings

located at 2500 Old Hadar Road, Norfolk, NE 68701 and 2300 Riverside Blvd, Norfolk,

NE 68701.

IT IS HEREBY ORDERED that, pursuant to section 8(a) of the Occupational

Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, 657(a), YOU OR YOUR DULY

1

DESIGNATED REPRESENTATIVES ARE AUTHORIZED to enter the above-described work place during regular working hours or at other reasonable times, to make an inspection and investigation of the following alleged violations:

| Referral Item | Location | Hazardous Condition | Section of the Act and/or Standard Applicable |
|---|---|---|---|
| 1 | Grinder/ knife machine | Employees are exposed to amputation hazards due to a lack of guards on the grinder/knife machine. | 29 CFR 1910.212 |
| | | Employees are exposed to amputation hazards due to unjamming machines without using lockout/tagout procedures. | 29 CFR 1910.147 |

Said inspection and investigation to include the items listed in the referral and set forth above and a comprehensive safety and health inspection including all relevant records files and papers and all relevant work places or environments where work is performed by employees, and all pertinent conditions, and circumstances, structures, machines, apparatus, devices, equipment, materials, processes, controls, and facilities and all other things therein including videotaping, the taking of photographs, environmental samples including the use of personal sampling equipment, and measurements, relating to the alleged violations, and to question privately any employee or agent, bearing on whether employees are being furnished employment and place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to employees, and whether there is compliance with the occupational safety and health standards promulgated under the Act.

2

You are hereby directed not to disclose any information obtained during the inspection which is designated to be a trade secret as defined by 18 U.S.C. § 1905, except that such information may be disclosed to other officers or employees concerned with carrying out the Act or when relevant in any proceeding under the Act.

A return shall be made to this Court showing that the inspection has been completed. The inspection authorized herein shall be initiated within _10_ days, and a return shall be made to the Court within fourteen days following completion of the inspection.

DATED: 3|9|15

Thomas D. Thalken
United States Magistrate Judge

3

## RETURN OF SERVICE

I hereby certify that a copy of the within warrant was duly served on

_____, to the company named herein:

_____

_____

_____

## RETURN

I declare under penalty of perjury that the inspection of the workplace described in this

warrant was made on _____.

Date:_____        By: _____
                                                Compliance Officer
                                                Occupational Safety and Health Administration
                                                United States Department of Labor